## FREMMING v. SOUTHEASTERN ALASKA MINING CO.

### No. 3193.

First Division. Juneau.
Sept. 10, 1931.

Hellenthal & Hellenthal, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendant.

HARDING, District Judge.

In the case of Frank Fremming against the Southeastern Alaska Mining Company.

This case is before the court upon the demurrer of the defendant to the complaint in the case.

In compliance with the statute in a case of this kind, an answer was also filed, and, when the case came before the court, the court reserved opinion as to the demurrer and heard the evidence upon the complaint and answer.

The question raised by the demurrer, as I view the complaint, is as to whether or not the complainant is entitled to a lien as a watchman and caretaker of this plant.

The question raised by the pleading and argued by counsel is as to whether or not chapter 13 of the 1915 Session

Laws gives the complainant such lien as a watchman and caretaker; if it does so, the demurrer should be overruled. This section (section 1) reads: "Every person who * * * performs work or labor in, on or about a mine or mining claim in opening up, * * * or performs any other class or kind of work on, in or about a mine or mining claim necessary or convenient to the development, operation, working or mining thereof, * * * shall have a lien on such mine or mining claim to secure the payment of the amount due for such work or labor."

■■ It has been urged by the defendant that this statute, in accordance with the general rule as to statutes, should be strictly construed. I am of the opinion that a statute of this kind should not be, perhaps, so strictly construed as statutes in general, certainly not so strictly construed as to deprive the general terms of the statute of any meaning that they may have consistent with the purpose of the act. As I read this section, the development, operation, working, or mining of a mine or mining claim does not refer to work being done at any particular time, but refers equally well to any development, operation, working, or mining that might take place in the future, and it is my opinion that the work of a watchman and caretaker may not only be convenient to such future development, operation, work, or mining, but may in many instances be necessary to it.

For this reason the demurrer of the defendant is overruled; exception is allowed.